David J. McGlothlin, Esq. (SBN: 026059)
david@westcoastlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone:  (602) 265-3332
Facsimile:   (602) 230-4482

Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

Attorneys for Plaintiff
Alissa Bodie

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| Alissa Bodie | Case No: |
|---|---|
| Plaintiff, | **Complaint For Damages For Violations of the Fair Debt Collection Practices Act** |
| v. | |
| Brown Olcott, PLLC | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the

loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Alissa Bodie, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Brown Olcott, PLLC ("Brown Olcott"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Arizona.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendant' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

9. Because Brown Olcott does business within the State of Arizona, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

11. At all times relevant, Defendant conducted business within the State of Arizona.

### Parties

12. Plaintiff is a natural person who resides in the City of Florence, State of Arizona.

13. Defendant is located in the City of Oro Valley, in the State of Arizona.

14. Plaintiff is a natural person alleged to be obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendant is a person who uses an instrumentality of interstate commerce or the mail in a business of which the principal purpose is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

### FACTUAL ALLEGATIONS

16. Sometime before February 4, 2016, Plaintiff is alleged to have incurred certain financial obligations.

17. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18. Sometime thereafter, but before February 4, 2016, Plaintiff allegedly defaulted on the payments alleged to be owed on the alleged debt.

19. Subsequent to the alleged default, but before February 4, 2016, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

20. On or about February 4, 2016, Plaintiff sent a check to Magma Ranch Homeowners Association, who was the original creditor.

21. Plaintiff indicated on the check in the "MEMO" section that the payment was for January 2016 and February 2016 assessments.

22. On or about February 22, 2016, Defendant sent a reply letter to Plaintiff. A few days later, Plaintiff received that letter.

23. In this reply letter, dated February 22, 2016, Defendant stated the following, "I am returning your Check No 5167 in the amount of $144.46."

24. Defendant did not include Plaintiff's check in this letter.

25. This statement by Defendant was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

26. Defendant never cashed the check Plaintiff sent.

27. Plaintiff was being deceived by Defendants in an attempt to collect a debt, which is specifically prohibited by the FDCPA, through 15 USC 1691 et seq. protects consumers from this precise behavior.

28. In drafting the FDCPA, Congress felt that it was important for collectors to be truthful in their efforts and communications. Failure to be truthful, and to present false statements as those above, put Plaintiff at risk for making uninformed decisions in fear which could lead to further harm to the consumer.

29. Additionally, Plaintiff was harmed by not knowing if Defendant would cash the check at any time. Therefore she had to either put a stop payment on the check, or keep sufficient funds in the account to cover the check to avoid bank fees.

30. Under A.R.S. § 33-1807, a homeowner's association may place a lien on a person's home for non-payment of assessments. *A.R.S. § 33-1807*.

31. However, a homeowner's association may not place a lien on a person's home for failure to pay collection fees, attorneys fees and charges for late payments. *A.R.S. § 33-1807*.

32. Furthermore, a homeowner's association may not place a lien on a person's home until the person is either delinquent for a year or delinquent by over $1,200 in assessments, whichever occurs earlier. *A.R.S. § 33-1807*.
33. By refusing to accept Plaintiff's check for assessments, Defendant is attempting to push Plaintiff over this $1,200 threshold in order to place a lien and foreclose on Plaintiff's home.
34. Because of Defendant's conduct, Plaintiff feels like she is in a hopeless situation because she attempted to make payments towards the assessments due and Defendant refused to accept Plaintiff's payment.
35. Plaintiff is afraid that her house will be foreclosed upon because she is not able to make her assessment payments to Defendant.
36. Through this conduct, Defendant refused to apply Plaintiff's payment in accordance with Plaintiff's directions in violation of 15 U.S.C. § 1692(h).
37. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).
38. In addition, Defendant charged Plaintiff a late fee on September 30, 2015, which was two weeks before Plaintiff's payment for the month was due.
39. This late fee was charged for failure to pay attorneys fees, not assessments, to Magma Ranch Homeowners Association.
40. Plaintiff never agreed to pay late fees for failing to pay Defendant's attorneys fees.
41. Moreover, Plaintiff was not late, therefore this fee was improper.

42. Plaintiff suffered an invasion of a legally protected interest by Defendant collecting a substantial sum of money Defendant was not entitled to. The

FDCPA, through 15 USC 1691 et seq. protects consumers from this precise behavior.

43. Plaintiff was affected personally because she was unsure the true amount of the debt that she did owe, and Plaintiff is extremely upset that Defendant is charging her for items that she does not owe.

44. Due to Defendant's conduct, Plaintiff's alleged debt owed is higher than it should be.

45. Through this conduct, Defendants were collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendants violated 15 U.S.C. § 1692f(1).

46. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

47. Plaintiff was being deceived by Defendants in an attempt to collect a debt, which is specifically prohibited by the FDCPA.

48. In drafting the FDCPA, Congress felt that it was important for collectors to be truthful in their efforts and communications. Failure to be truthful, and to present false statements as those above, put Plaintiff at risk for making uninformed decisions in fear which could lead to further harm to the consumer.

49. As a result of Defendant' abusive conduct, Plaintiff suffered actual damages in the form of mental anguish and emotional distress type damages, which manifested in symptoms including but not limited to: stress, anxiety, worry, restlessness, irritability, embarrassment, loss of sleep, shame, feelings of hopelessness, and helplessness all impacting her job and personal relationships.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

50. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

51. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

52. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

///
///
///
///
///
///

53. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Kazerouni Law Group**

Date: May 27, 2016                     By: */s/ Ryan L. McBride*
                                       Ryan L. McBride
                                       Attorneys for Plaintiff